IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAM DIVISION

CASE NO.: _____

IDANIA ARIAS a/k/a IDANEA AREAS,

    Plaintiff,

-vs-

DAKOTA DUTY-FREE SHIP
-CHANDLER SUPPLIES, LLC, and
CARLOS A. RUIZ,

    Defendants.
_____/

## COMPLAINT

Plaintiff Idania Arias a/k/a Idanea Areas ("Employee") hereby submits this Complaint against Defendants Dakota Duty-Free Ship-Chandler Supplies LLC ("Company") and Carlos A. Ruiz ("Manager")(collectively "Defendants"), stating:

*INTRODUCTION*

1.    Company and Manager hired Employee as a non-exempt shop attendant employee for Company's duty free shop at the Opa-Locka airport in Miami-Dade County, Florida, but failed to pay Employee overtime wages for all work Employee performed over forty (40) hours per week from September, 2013 until December, 2016 (on average 47 hours worked per week). Company's conduct was willful and deliberate.

*JURISDICTION AND VENUE*

2.    This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), as this is a civil action that arises under the laws of the

United States; specifically, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA").

3. This Court has personal jurisdiction over Defendant Company, as Company owns and operates an active and continuous business in Miami-Dade County, Florida. The Court has personal jurisdiction over Manager because, upon information and belief, Manager resides and works within the Southern Judicial District of Florida.

4. Venue is proper in this State, Judicial District and Division pursuant to 28 U.S.C. § 1391, on the grounds that all of the Defendants reside in the Southern Judicial District of Florida, and because a substantial part of the events or omissions giving rise to Employee's claims against the Defendants occurred in this State, Judicial District and Division.

## *PARTIES*

5. Company is a limited liability company organized and existing under the laws of the State of Florida.

6. Manager is, upon information and belief, an adult citizen and resident of the Southern Judicial District of Florida. Manager was, at all times material hereto, a manager employed by Company and who serves as Company's President.

7. Employee is an adult citizen and resident of Miami-Dade County, Florida. Employee is a former employee of Company.

## *GENERAL ALLEGATIONS*

8. Company is an "employer" within the meaning of 29 U.S.C. § 203(d). Company hired Employee as an employee and required Employee to perform work for Company's benefit in exchange for Company paying Employee wages. Company knowingly and deliberately

suffered and/or permitted Employee to work for Company's benefit within the meaning of 29 U.S.C. § 203(g).

9. Manager is also an "employer" within the meaning of 29 U.S.C. § 203(d), subject to individual liability for Employee's claims in this action and subject to FLSA coverage. At all times material hereto, Manager worked for Company as a person acting directly or indirectly in the interests of an employer, Company, in relation to Employee. Manager was a Company manager who ran and had substantial control over Company's day-to-day operations, including, but not limited to, being substantially or wholly responsible for the number of hours Employee worked, what work Employee performed, and the amounts Employee would be paid for the hours Employee worked. Manager had the power to hire and fire employees (including Employee), the authority to determine the terms and conditions of employment for Company employees (including Employee), the amount of Company wages and salaries (including any for Employee), and the responsibility to maintain Company employment records.

10. Employee was an "employee" of both Company and of Manager within the meaning of 29 U.S.C. § 203(e)(1). Employee is an individual who was employed by an employer, namely Company and Manager.

11. Company and Manager employed Employee from September, 2013 until December, 2016.

12. Employee was, at all time during Employee's employment by Company and Manager, a shop attendant, whose primary duties were to sell goods and merchandise, attend to inventory, clean the shop, answer the store telephone, receive and respond to electronic mail communications from vendors, receive trucks, and make deliveries.

13. Company is subject to "enterprise coverage" under the FLSA. For the past three years, Company has engaged in commerce and has employed more than two employees each year who have handled goods or items that have traveled through interstate commerce, or who have used instrumentalities of interstate commerce. During this time period, Company has bought and sold goods and/or materials and transported them across state lines. Company has regularly and continuously used instrumentalities of interstate commerce, such as telephone lines, the internet, facsimile lines, the United States mail, and credit card charges to engage in and facilitate purchases sales in interstate commerce. Company advertises itself nationally and internationally on Google.com. Company purchases merchandise for its store from out of state and has such merchandise delivered to Company at Company's Florida business location. Company has employees handling, selling, or otherwise working with equipment, materials, goods and supplies which had previously moved in interstate commerce, and Company has multiple employees who handle credit card transactions that involve the interstate banking and finance system.

14. Company has also had, upon information and belief (based upon Employee's personal observations of sales by Company salespersons), an annual gross dollar volume of sales or business done of at least $500,000.00 for each of the three (3) years preceding the date this Complaint has been filed, additionally conferring enterprise coverage under the FLSA.

15. Employee is further protected by the FLSA as a worker subject to "individual coverage" under the FLSA. Employee's work regularly and continuously involved Employee in interstate commerce. Employee was a Company shop attendant who regularly and continuously made and received store telephone calls (from in and out of state), received and responded to vendor electronic mail (from in and out of state), responded to electronic mail communications

from vendors (from in and out of state), received trucks (from in and out of state), and made deliveries. Employee directly participated in the actual movement of things in interstate commerce by regularly using the instrumentalities of interstate commerce in Employee's work, e.g., a telephone, a fax machine or facsimile software, electronic mail, United States mail, overnight mail, a motor vehicle and the internet. Moreover, Employee's work was so closely related to the movement of commerce that it was, for all practical purposes, a part of it rather than an isolated local activity. Employee's work was a part of interstate commerce because it was part of a continuous stream of interstate goods in travel; i.e., there was a practical continuity of movement between the intrastate segment and the overall interstate flow of items ordered by Company from out-of-state and delivered in Florida.

16. Employee was not an "exempt" employee within the meaning of the FLSA.

17. Company paid Employee an hourly wage of $9.50 per hour.

18. During the period of time from September, 2013 until December, 2016, Employee worked (and was required by Company to work) an average of 47 hours each week for Company (7 of which hours were overtime).

19. Company did not pay Employee overtime hours each week, and refused to do so when Employee requested overtime.

20. Company's failure to pay Employee overtime wages under the FLSA was willful, deliberate, in bad faith, and showed reckless disregard for Employee's rights under the FLSA. Company knew or should have known with the exercise of due diligence that Employee is a non-exempt employee under the FLSA who is entitled to overtime pay. Company had no reasonable, good faith grounds to believe that its failure to pay Employee overtime wages was consistent with Company's obligations under the FLSA.

21. Based upon Company's willful violation of the FLSA by Company's failure to pay Employee's overtime wages, Employee is entitled to, and seeks, an additional award equal to the total amount of Employee's unpaid overtime wages as liquidated damages pursuant to 29 U.S.C. § 216(b).

22. Based upon Company's willful violation of the FLSA by Company's failure to pay Employee her overtime wages, the three (3) year statute of limitations for the FLSA would also apply.

23. As a direct, proximate and foreseeable result of Company's wrongful conduct alleged in this Complaint, Employee has been obligated to retain the undersigned counsel and to pay Employee's attorneys a reasonable attorney's fee and costs.

24. Employee seeks an award of attorney's fees and costs under the FLSA, per 29 U.S.C. § 216(b), should Employee be deemed a prevailing plaintiff.

25. Any and all conditions precedent to the filing of this action have been satisfied.

### *COUNT ONE – FLSA OVERTIME WAGE VIOLATION (COMPANY)*

26. Employee adopts and re-alleges each of the allegations in paragraphs 1 through 25 above, as through fully set forth in this Count.

27. This Count asserts a claim by Employee against Company under the FLSA for overtime wage violations.

28. Employee performed work for Company for which Employee was not properly compensated.

29. Employee worked on average 47 hours per week for Company as a non-exempt shop attendant, and was only paid by Company for 40 hours each week.

30. Company willfully and deliberately failed to pay Employee time and a half overtime wages for Employee's on average seven (7) additional hours worked for Company per week from September, 2013 until December, 2016. It was the "half" portion of time and a half that was not paid.

31. As a direct, proximate and foreseeable consequence of Company's wrongful conduct, Employee has been damaged.

WHEREFORE, Employee seeks the entry of a judgment in Employee's favor and against Company as follows:

a. an award of compensatory damages for all overtime wages due Employee for the three (3) years prior to the filing of this Complaint;

b. liquidated damages;

c. any interest recoverable by law;

d. attorney's fees and costs; and

e. such other relief as this Court finds to be just and proper.

### *COUNT TWO - FLSA OVERTIME WAGE VIOLATION (MANAGER)*

32. Employee adopts and re-alleges each of the allegations in paragraphs 1 through 25 above, as through fully set forth in this Count.

33. This Count asserts a claim by Employee against Manager under the FLSA.

34. Employee performed work for Manager for which Employee was not properly compensated.

35. Employee worked on average 47 hours per week for Manager as a non-exempt shop attendant, and was only paid by Company for 40 hours each week.

36. Manager willfully and deliberately failed to pay Employee time and a half overtime wages for Employee's on average seven (7) additional hours worked for Manager per week from on or about September, 2013 until December, 2016. It was the "half" portion of time and a half that was not paid.

37. As a direct, proximate and foreseeable consequence of Manager's wrongful conduct, Employee has been damaged.

WHEREFORE, Employee seeks the entry of a judgment in Employee's favor and against Manager as follows:

a. an award of compensatory damages for all overtime wages due Employee for the three (3) years prior to the filing of this Complaint;

b. liquidated damages;

c. any interest recoverable by law;

d. attorney's fees and costs; and

e. such other relief as this Court finds to be just and proper.

### *JURY DEMAND*

Plaintiff hereby demands a trial by jury as to all claims asserted herein and as to all defenses raised by Defendants, so triable as of right.

Dated: April 27, 2017

Respectfully submitted,

*/s/ Orion G. Callison, III, Esq.*
Orion G. Callison, III, Esq. (Fla. Bar No. 0005223)
orion@aglawpa.com
LAW OFFICE OF ALEXIS GONZALEZ, P.A.
3162 Commodore Plaza, Suite 3E
Coconut Grove, Florida 33133
Telephone: (305) 223-9999
Facsimile: (305) 223-1880